DK

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X    NOT FOR ELECTRONIC
                                                               OR PRINT PUBLICATION
TRAVIS MARSHALL,

                              Petitioner,                      OPINION AND ORDER
        -against-
                                                               08-CV-3882 (ARR)
STATE OF NEW YORK,

                              Respondent.
----------------------------------------------------------X
```

ROSS, United States District Judge:

By petition dated September 17, 2008, *pro se* petitioner TRAVIS MARSHALL seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent submitted an affidavit in opposition, contending that the court lacks jurisdiction over the petition because Mr. Marshall's state conviction expired and he was not "in custody" at the time he filed his petition. The court agrees and therefore dismisses Mr. Marshall's petition for a writ of habeas corpus.

## BACKGROUND

After a bench trial, petitioner was convicted of one count of Attempted Assault in the Third Degree and one count of Attempted Robbery in the Third Degree on September 28, 2006 in Supreme Court, Kings County. See Pet. at 1. The next day, petitioner was sentenced one year in prison on the attempted robbery count and thirty days in prison on the attempted assault count, to run concurrently. See Respondent's Opp. at 3. Because petitioner had been incarcerated pending trial since January 26, 2006, the court determined that petitioner had already served his time. See Respondent's Opp. at Ex. A. At sentencing, the court noted that it had decided against sentencing petitioner to probation. Id. ("I decided just to end your involvement in the criminal justice system. You are finished."). Thus, the court levied a $270 fine against petitioner and issued an Order of Protection, admonishing petitioner

1

to stay away from the complaining witness. See Respondent's Opp. at Ex. A, at 4, 6. Petitioner was discharged from prison on May 9, 2006. See Respondent's Opp. at 3.

The Appellate Division, Second Department, affirmed petitioner's conviction on May 13, 2008. See People v. Marshall, 51 A.D.3d 821 (2d Dep't 2008). The New York Court of Appeals subsequently denied defendant's application for leave to appeal from the Second Department's decision. See Respondent's Opp. at 4. In his petition for a writ of habeas corpus, petitioner challenges the constitutionality of the line-up which lead to his identification by the complaining witness, and contends that he was "illegally stopped and frisked." See Pet. at 6-7.

## **DISCUSSION**

A habeas corpus petitioner must be "in custody" pursuant to a state conviction when the petition is filed in order to vest the district court with jurisdiction. 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001). The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under 28 U.S.C. § 2254(a); Maleng, 490 U.S. at 492.

Here, petitioner challenges a 2006 conviction on one count of Attempted Robbery in the Third Degree and One Count of Attempted Assault in the Third Degree. The sentence on both counts fully expired prior to the filing of this petition on September 17, 2008. He was also not incarcerated at the time he filed the instant petition. Thus, at the time petitioner filed his application for a writ of habeas corpus petition, he was no longer serving his sentence of imprisonment on either count and he was not in custody pursuant to a judgment of a State court. Lackawanna, 532 U.S. at 401-02. See, e.g., Ortiz v. State of New York, 75 Fed. Appx. 14, 17 n. 2 (2d Cir. 2003) (noting that petitioner could not

2

bring a § 2254 petition because he is no longer in state custody). Therefore, this court lacks subject matter jurisdiction to consider petitioner's writ.

Petitioner's reliance on the Supreme Court's holding in Carafas v. LaValle does not alter this conclusion because the facts of each case are readily distinguishable. The issue in Carafas was "whether the expiration of petitioner's sentence, before his application was finally adjudicated and while it was awaiting appellate review, terminated federal jurisdiction with respect to the application." 391 U.S. 234, 237 (1968). At the time the petitioner in Carafas filed his application for a writ of habeas corpus, he was incarcerated and therefore indisputably in custody. Id. at 236. The issue the Carafas Court addressed was whether the release of the petitioner during the pendency of his habeas petition rendered his application moot. Here, petitioner was not incarcerated when he filed his petition. Rather, his sentence had fully expired when he was released from prison on May 9, 2006, nearly two years and four months before he filed his federal collateral attack on his conviction. Therefore, Mr. Marshall's reliance on Carafas is misplaced and the doctrine of collateral consequences is inapplicable and cannot confer subject matter jurisdiction upon this court.

## CONCLUSION

Accordingly, petitioner fails to satisfy the "in custody" requirement and this court lacks jurisdiction over the pending petition. The instant petition for a writ of habeas corpus is therefore denied. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

3

SO ORDERED.

                              S/ Judge Ross
                              _____
                              Allyne R. Ross
                              United States District Judge

Dated:   Brooklyn, New York
         April 3, 2009